## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| G. NEIL GARRETT, D.D.S., P.C., | ) |
| on behalf of plaintiff and | ) |
| the class members defined herein, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| IVOCLAR VIVADENT, INC., | ) |
| and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT  – CLASS ACTION

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1.      Plaintiff G. Neil Garrett, D.D.S., P.C. brings this action to secure redress for the

actions of defendant Ivoclar Vivadent, Inc., in sending or causing the sending of unsolicited

advertisements to telephone facsimile machines in violation of the Telephone Consumer

Protection Act, 47 U.S.C. §227 ("TCPA"),  the Illinois Consumer Fraud Act, 815 ILCS 505/2

("ICFA"), and the common law.

2.      The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax

advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the

use of its fax machine.  The recipient also wastes valuable time it would have spent on something

else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause

wear and tear on fax machines, and require labor to attempt to identify the source and purpose of

the unsolicited faxes.

## PARTIES

3.      Plaintiff G. Neil Garrett, D.D.S., P.C. is an Illinois corporation with offices in

Lake Villa, Illinois, where it maintains telephone facsimile equipment.

4.      Ivoclar Vivadent, Inc. is a New York corporation.  Its principal offices are located

at 175 Pineview Drive, Amherst, New York 14228.

5.      Defendants John Does 1-10 are other natural or artificial persons that were

involved in the sending of the facsimile advertisements described below.  Plaintiff does not know

who they are.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction under 28 U.S.C. §§1331 and 1367.   *Mims v. Arrow*

*Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012);  *Brill v. Countrywide Home Loans, Inc.*,

427 F.3d 446  (7th Cir. 2005).

7.      Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendant:

      a.      Has committed tortious acts in Illinois by causing the transmission of

            unlawful communications into the state.

      b.      Has transacted business in Illinois.

8.       Venue in this District is proper for the same reason.

## FACTS

9.      Some time in 2013, plaintiff G. Neil Garrett, D.D.S., P.C. received the unsolicited

fax advertisement attached as Exhibit A on its facsimile machine.

10.      In August 2014, plaintiff G. Neil Garrett, D.D.S., P.C. received the unsolicited

fax advertisement attached as Exhibit B on its facsimile machine.

11.     Between November and December 2014, plaintiff G. Neil Garrett, D.D.S., P.C. received the unsolicited fax advertisement attached as Exhibit C on its facsimile machine.

12.     In January 2015, plaintiff G. Neil Garrett, D.D.S., P.C. received the unsolicited fax advertisement attached as Exhibit D on its facsimile machine.

13.     Discovery may reveal the transmission of additional faxes as well.

14.     Defendant Ivoclar Vivadent, Inc. is responsible for sending or causing the sending of the faxes.

15.     Defendant Ivoclar Vivadent, Inc., as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

16.     Defendant Ivoclar Vivadent, Inc. either negligently or wilfully violated the rights of plaintiff and other recipients in sending the faxes.

17.     Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

18.     The faxes did not contain an opt-out notice that complied with 47 U.S.C. §227.

19.     On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

20.     On information and belief, defendant has transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

21.     There is no reasonable means for plaintiff or other recipients of defendant's unsolicited advertising faxes to avoid receiving illegal faxes.  Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

22.     Plaintiff incorporates ¶¶ 1-21.

23.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer

or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47

U.S.C. §227(b)(1)(C).

24.     The TCPA,  47 U.S.C. §227(b)(3), provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> > **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
> >
> > **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
> >
> > **(C)  both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

25.     Plaintiff and each class member suffered damages as a result of receipt of the

unsolicited faxes, in the form of paper and ink or toner consumed as a result.  Furthermore,

plaintiff's statutory right of privacy was invaded.

26.     Plaintiff and each class member is entitled to statutory damages.

27.     Defendant violated the TCPA even if its actions were only negligent.

28.     Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

29.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of defendant Ivoclar Vivadent, Inc., promoting its goods or services for sale (d) and which did not contain an opt out notice as described in 47 U.S.C. §227.

30.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

31.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

      a.      Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

      b.      The manner in which defendant compiled or obtained its list of fax numbers;

      c.      Whether defendant thereby violated the TCPA;

      d.      Whether defendant thereby engaged in unfair acts and practices, in violation of the ICFA.

      e.      Whether defendant thereby converted the property of plaintiff.

      f.      Whether defendant thereby created a private nuisance.

      g.      Whether defendant thereby committed a trespass to chattels.

32.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business

practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

33.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

34.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

35.     Several courts have certified class actions under the TCPA.  *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009), aff'd in relevant part, 728 F.3d 682 (7th Cir. 2013); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*,  259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010);  *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002);  *Core Funding*

6

*Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010).

36.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

a.      Actual damages;

b.      Statutory damages;

c.      An injunction against the further transmission of unsolicited fax advertising;

d.      Costs of suit;

e.      Such other or further relief as the Court deems just and proper.

### COUNT II – ILLINOIS CONSUMER FRAUD ACT

37.     Plaintiff incorporates ¶¶ 1-21.

38.     Defendant engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

39.     Unsolicited fax advertising is contrary to the TCPA and also Illinois law.  720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

40.     Defendant engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

41.     Plaintiff and each class member suffered damages as a result of receipt of the

unsolicited faxes, in the form of paper and ink or toner consumed as a result.

42.     Defendant engaged in such conduct in the course of trade and commerce.

43.     Defendant's conduct caused recipients of their advertising to bear the cost thereof.

This gave defendant an unfair competitive advantage over businesses that advertise lawfully, such

as by direct mail.  For example, an advertising campaign targeting one million recipients would

cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting.  The reason is

that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster

misappropriates the recipients' paper and ink.  "Receiving a junk fax is like getting junk mail with

the postage due".  Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18,

1989, 101st Cong. 1st Sess.

44.     Defendant's shifting of advertising costs to plaintiff and the class members in this

manner makes such practice unfair.  In addition, defendant's conduct was contrary to public

policy, as established by the TCPA and Illinois statutory and common law.

45.     Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

46.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of

a class, consisting of (a) all persons and entities with Illinois fax numbers (b) who, on or after a

date three years prior to the filing of this action, (c) were sent faxes by or on behalf of defendant,

Ivoclar Vivadent, Inc., promoting its goods or services for sale (d) and which did not contain an

opt out notice as described in 47 U.S.C. §227.

47.     The class is so numerous that joinder of all members is impractical.  Plaintiff

alleges on information and belief that there are more than 40 members of the class.

48.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

        a.      Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

        b.      Whether defendant thereby violated the TCPA;

        c.      Whether defendant thereby engaged in unfair acts and practices, in violation of the ICFA.

        d.      Whether defendant thereby converted the property of plaintiff.

        e.      Whether defendant thereby created a private nuisance.

        f.      Whether defendant thereby committed a trespass to chattels.

49.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

50.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

51.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of a class, consisting of (a) all persons and entities with Illinois fax numbers (b) who, on or after a date three years prior to the filing of this action, (c) were sent faxes by or on behalf of defendant  Ivoclar

Vivadent, Inc., promoting its goods or services for sale (d) and which did not contain an opt out notice as described in 47 U.S.C. §227.

52. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

53. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a.    Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

    b.    Whether defendant thereby violated the TCPA;

    c.    Whether defendant thereby engaged in unfair acts and practices, in violation of the ICFA.

    d.    Whether defendant thereby converted the property of plaintiff.

    e.    Whether defendant thereby created a private nuisance.

    f.    Whether defendant thereby committed a trespass to chattels.

54. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

55. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

56. A class action is the superior method for the fair and efficient adjudication of this

controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

57.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

        WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

        a.     Appropriate damages;

        b.     An injunction against the further transmission of unsolicited fax advertising;

        c.     Attorney's fees, litigation expenses and costs of suit;

        d.     Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

58.     Plaintiff incorporates ¶¶ 1-21.

59.     By sending plaintiff and the class members unsolicited faxes, defendant converted to its own use ink or toner and paper belonging to plaintiff and the class members.

60.     Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

61.     By sending the unsolicited faxes, defendant appropriated to its own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

62.     Defendant knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

63.     Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose.   Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

64.     Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

65.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date five years prior to the filing of this action, (c) were sent faxes by or on behalf of defendant Ivoclar Vivadent, Inc., promoting its goods or services for sale (d) and which did not contain an opt out notice as described in 47 U.S.C. §227.

66.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

67.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

        a.     Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

        b.     Whether defendant thereby violated the TCPA;

        c.     Whether defendant thereby engaged in unfair acts and practices, in violation of the ICFA.

        d.     Whether defendant thereby converted the property of plaintiff.

  e.  Whether defendant thereby created a private nuisance.

  f.  Whether defendant thereby committed a trespass to chattels.

68. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

69. Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

70. A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

71. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

  WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

  a.  Appropriate damages;

  b.  An injunction against the further transmission of unsolicited fax advertising;

  c.  Costs of suit;

  d.  Such other or further relief as the Court deems just and proper.

## COUNT III – PRIVATE NUISANCE

72.     Plaintiff incorporates ¶¶ 1-21.

73.     Defendant's sending plaintiff and the class members unsolicited faxes was an

unreasonable invasion of the property of plaintiff and the class members and constitutes a private

nuisance.

74.     Congress determined, in enacting the TCPA, that the prohibited conduct was a

"nuisance." *Universal Underwriters Ins. Co. v. Lou Fusz Automotive Network, Inc.*, 401 F.3d

876, 882 (8th Cir. 2005).

75.     Defendant acted either intentionally or negligently in creating the nuisance.

76.     Plaintiff and each class member suffered damages as a result of receipt of the

unsolicited faxes.

77.     Defendant should be enjoined from continuing its nuisance.

## CLASS ALLEGATIONS

78.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a

class, consisting of (a) all persons with Illinois fax numbers,  (b) who, on or after a date five years

prior to the filing of this action, (c) were sent faxes by or on behalf of defendant Ivoclar Vivadent,

Inc., promoting its goods or services for sale (d) and which did not contain an opt out notice as

described in 47 U.S.C. §227.

79.     The class is so numerous that joinder of all members is impractical.  Plaintiff

alleges on information and belief that there are more than 40 members of the class.

80.     There are questions of law and fact common to the class that predominate over any

questions affecting only individual class members.  The predominant common questions include:

        a.        Whether defendant engaged in a pattern of sending unsolicited fax

                 advertisements;

        b.        Whether defendant thereby violated the TCPA;

        c.        Whether defendant thereby engaged in unfair acts and practices, in

                 violation of the ICFA.

        d.        Whether defendant thereby converted the property of plaintiff.

        e.        Whether defendant thereby created a private nuisance.

        f.        Whether defendant thereby committed a trespass to chattels.

81.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

82.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

83.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

84.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

        WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

a.    Appropriate damages;

b.    An injunction against the further transmission of unsolicited fax

advertising;

c.    Costs of suit;

d.    Such other or further relief as the Court deems just and proper.

### COUNT IV – TRESPASS TO CHATTELS

85.    Plaintiff incorporates ¶¶ 1-21.

86.    Plaintiff and the class members were entitled to possession of the equipment they

used to receive faxes.

87.    Defendant's sending plaintiff and the class members unsolicited faxes interfered

with their use of the receiving equipment and constitutes a trespass to such equipment. *Chair*

*King v. Houston Cellular*, 95cv1066, 1995 WL 1693093 at *2 (S.D. Tex. Nov. 7, 1995) (denying

a motion to dismiss with respect to plaintiff's trespass to chattels claim for unsolicited faxes),

vacated on jurisdictional grounds 131 F.3d 507 (5th Cir. 1997).

88.    Defendant acted either intentionally or negligently in engaging in such conduct.

89.    Plaintiff and each class member suffered damages as a result of receipt of the

unsolicited faxes.

90.    Defendant should be enjoined from continuing trespasses.

### CLASS ALLEGATIONS

91.    Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a

class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date five years

prior to the filing of this action,  (c) were sent faxes by or on behalf of defendant Ivoclar Vivadent,

Inc., promoting its goods or services for sale (d) and which did not contain an opt out notice as described in 47 U.S.C. §227.

92.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

93.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

    a.      Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

    b.      Whether defendant thereby violated the TCPA;

    c.      Whether defendant thereby engaged in unfair acts and practices, in violation of the ICFA.

    d.      Whether defendant thereby converted the property of plaintiff.

    e.      Whether defendant thereby created a private nuisance.

    f.      Whether defendant thereby committed a trespass to chattels.

94.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

95.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

96.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate

claims against defendant is small because it is not economically feasible to bring individual actions.

97.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

a.     Appropriate damages;

b.     An injunction against the further transmission of unsolicited fax advertising;

c.     Costs of suit;

d.     Such other or further relief as the Court deems just and proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Dulijaza Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


/s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)